**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PRUCO LIFE INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2795 |
| | § | |
| BLANCA MONICA VILLAREAL, | § | |
| | § | |
| Defendant. | § | |

_____

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2796 |
| | § | |
| BLANCA MONICA VILLAREAL, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The parties have a dispute about whether Blanca Villareal's motion for summary judgment is ripe for decision, or whether Pruco Life Insurance Company and Transamerica Life Insurance Company should be granted more time for discovery to frame a response. The court held a hearing at which counsel presented argument on the dispute. Pruco and Transamerica argue that the motion is premature because discovery as to policy acquisition and whether Mr. Eduardo Gonzalez Rosendi, the policyholder, is dead or alive, is just beginning. The plaintiff insurance companies have alleged fraud—that Rosendi misrepresented his net worth in obtaining the policies and that he and Villareal have misrepresented Rosendi's status as deceased. Either precludes payment under the policies. Discovery is slow and cumbersome because the plaintiffs must go through the Hague Convention to obtain documents and witnesses in Mexico.

Villareal, the beneficiary, argues that the discovery is not relevant because the insurance policies are "incontestable" under § 1101.006 of the Texas Insurance Code. That statute provides that "a life insurance policy must provide that a policy in force for two years from its date of issue during the lifetime of the insured is incontestable, except for nonpayment of premiums." TEX. INS. CODE § 1101.006. Villareal cites *Cardenas v. United of Omaha Life Ins. Co.*, 731 F.3d 496, 500 (5th Cir. 2013), a case interpreting § 1101.006's application to policy reinstatements, for the proposition that "if an insured survives the two-year 'contestability period' following the issuance of a policy, then the policy will become incontestable for any reason except nonpayment of the premiums," and that the "bar to contestability applies even if the insured intentionally made a material misrepresentation in the policy application." *Id.* at 500 (citing *Kan. Life Ins. Co. v. First Bank of Truscott*, 78 S.W.2d 584, 586–87 (Tex. 1935)). Villareal argues that the plaintiff insurance companies cannot rescind the policy for fraud or misrepresentation because Rosendi paid the policy premiums and died in December 2016, more than two years after the policies were issued in August 2014.

The insurance companies respond that a different section of the Texas Insurance Code applies. Section 705.004, enacted in 2003 and effective in 2005, states:

> **Misrepresentation in Application for Life Insurance:** A defense based on a misrepresentation in the application for, or in obtaining, a life insurance policy on the life of a person in or residing in this state is not valid or enforceable in a suit brought on the policy on or after the second anniversary of the date of issuance of the policy if premiums due on the policy during the two years have been paid to and received by the insurer, unless:
>
>> (1) the insurer has notified the insured of the insurer's intention to rescind the policy because of the misrepresentation; or
>>
>> (2) it is shown at trial that the misrepresentation was:
>>
>>> (A) material to the risk; and
>>>
>>> (B) intentionally made

Tex. Ins. Code § 705.104.

The statute incorporates the language from § 1101.006, but adds an "unless" clause that defines the situations in which the incontestability rule does not apply. The Fifth Circuit has held that § 705.104, enacted after § 1101.006, "allows the insurer to contest a life insurance policy two years after its date of issue provided the insurer shows the misrepresentation was material and intentionally made. . . . This section was not effective until April 1, 2005." *Federated Life Ins. Co. v. Jafreh*, 392 F. App'x 280, 283 (5th Cir. 2010). "It is the law in existence at the time of issuance of the policy that applies." *Id.*

Section 705.104 is a later-enacted statutory amendment to the incontestability rule in § 1101.006. As the Fifth Circuit has held, § 705.104 allows an insurer to contest a policy more than two years after issuance on a showing of a material, intentional misrepresentation. *Jafreh*, 392 F. App'x at 283; *see also Mass. Mut. Ins. Co. v. Mitchell*, 859 F. Supp. 2d 865 (S.D. Tex. 2012).

The policies here were issued on August 26, 2014, long after § 705.104 took effect in 2005. Section 1101.006 does not bar the insurance companies' claims because they have alleged that Rosendi made material intentional misrepresentations in applying for the policy and, with the beneficiary, in seeking benefits. These claims are expressly allowed under § 705.104. The insurance companies seek additional time for discovery—which is complicated and time-consuming because the relevant information is in Mexico—before a summary judgment ruling on their claims. Because the discovery period does not close until January 2019, a ruling on Villareal's summary judgment motion at this time is premature. The response date for the summary judgment motion is extended to October 26, 2018, unless further extended by court order.

SIGNED on April 25, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge